IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Courtney L. Brockington, | ) | C/A No. 3:16-4026-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Kim Stevenson, *Director*; Emergency Management Division, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Courtney L. Brockington, a self-represented litigant, filed this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., against the named defendants.[1] This matter is before the court on the plaintiff's motion for subpoenas. (ECF No. 61.) In her motion and subsequent filings (see ECF No. 64), the plaintiff appears to request subpoenas for six individuals to appear to testify at a deposition. Defendant Emergency Management Division ("EMD") filed a response to Brockington's motion (ECF No. 63), and Brockington replied (ECF No. 64). Additionally, Defendant EMD filed a motion to compel Brockington's responses to its interrogatories and requests for production (ECF No. 60). Brockington filed a response in opposition (ECF No. 65), and EMD replied (ECF No. 68).

**A.     Brockington's Motion for Subpoenas**

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*.

---

[1] The court previously issued a Report and Recommendation in which it recommended that Defendant Kim Stevenson be summarily dismissed from this action. As of the date of this Order, that Report and Recommendation remains pending.

PJG

According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, unless otherwise limited by court order, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Except under certain circumstances in which leave of the court is required, see Fed. R. Civ. P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed. R. Civ. P. 30. The deponent's attendance may be compelled by subpoena pursuant to Rule 45.

The court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); see also Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil

*PJG*

suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena by the United States Marshals Service without prepayment of the cost of service,[2] the court must limit a plaintiff's discovery requests if the discovery sought is "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C).

Brockington is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed. R. Civ. P. 45(b)(1). Further, the defendants argue that Brockington did not provide them with reasonable notice pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. Moreover, Brockington has made no showing as to how any of the testimony she seeks is relevant to her claims and therefore within the scope of permissible discovery under the Federal Rules of Civil Procedure. Additionally, Brockington has not shown that she has arranged for service of her proposed subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provided the court with completed USM-285 forms so that service can be effected by the United States Marshals Service. See 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3). Accordingly, to the extent Brockington seeks subpoenas to command attendance at a deposition, her motion is denied with leave to timely re-file to provide the court with the additional information discussed above.

---

[2] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

PJG

B.  **Defendant EMD's Motion to Compel**

Defendant EMD states in its motion that it served its first set of interrogatories and requests for production on Brockington on May 22, 2017. After notifying Brockington that her responses were past due, EMD ultimately received responses to its first set of interrogatories from Brockington on July 25, 2017. EMD found Brockington's responses to its interrogatories to be deficient, and requested by letter dated August 1, 2017 that Brockington respond fully to its interrogatories and also provide responses to its requests for production. When Brockington did not respond, EMD filed the instant motion to compel. (ECF No. 60.)

In response to the defendant's motion, Brockington provides supplemental responses to a few interrogatories, but otherwise generally objects to "producing and disclosing such communication that may damage [her] case." (Pl.'s Resp Opp'n, ECF No. 65 at 1.) She also argues that the defendant is not entitled to attorney's fees and expenses because it did not consult with her before filing its motion. (Id. at 2.) The defendant argues in its reply that Brockington's supplemental responses are still deficient. (ECF No. 68.)

Pursuant to Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, such payment should not be ordered if the movant did not make a good faith effort to obtain the discovery prior to filing its motion, if the opposing party's failure to produce the requested discovery was substantially justified, or if other circumstances would make such an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

PJG

It is clear from the defendant's motion that it attempted to in good faith to obtain the requested discovery from Brockington prior to filing its motion. Moreover, because Brockington is preceeding as a *pro se* litigant in this matter, the defendant was not required to consult with her prior to filing its motion to compel. See Local Civil Rule 7.02 (D.S.C.). Additionally, Brockington has provided no argument as to why she did not provide the requested discovery. Accordingly, Defendant EMD's motion to compel is granted. It is hereby

**ORDERED** that Brockington fully respond to Defendant EMD's discovery requests by October 6, 2017. Failure to comply may result in sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. Defendant EMD shall file an affidavit of fees and costs associated with its motion to compel by October 6, 2017. It is further

**ORDERED** that Brockington's motion for subpoenas is denied with leave to re-file to provide the court with the additional information discussed above by October 6, 2017.

**IT IS SO ORDERED.**

September 22, 2017
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE