IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Courtney L. Brockington, | ) | C/A No. 3:16-4026-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Kim Stevenson, *Director*; Emergency Management Division, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the defendant's affidavit of fees (ECF No. 85) submitted in response to the court's September 25, 2017 order granting the Defendant Emergency Management Division's motion to compel (ECF No. 76). In its order, the court directed the defendant to submit an affidavit detailing the attorney's fees and costs associated with its motion to compel.

As previously discussed in the court's September 25, 2017 Order, pursuant to Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Generally, in calculating an appropriate attorney's fee award, the court begins with the lodestar amount, that is, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). When an attorney has met his burden of showing that the requested rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee. See Blum

v. Stenson, 465 U.S. 886, 887 (1984). In determining whether any adjustment to this calculation is necessary, the court may consider twelve factors originally established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and adopted by the United States Court of Appeals for the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber, 577 F.2d at n.28. It is well established that the allowance of attorney's fees is within a judge's discretion. Id. at 226.

Defendant Emergency Management Division's attorney has submitted an affidavit in which she requests attorney's fees incurred from preparing and filing the defendant's motion to compel in the amount of $797.50, which is calculated based on 7.25 hours of time at a rate of $110 per hour.[1] (Aff. of Fees, ECF No. 85.) The defendant's attorney itemizes the time expended in preparing the motion, as well as time spent reviewing the discovery provided and drafting letters to the plaintiff regarding the status of the discovery and its deficiencies. (Id.) The plaintiff has filed objections in which she argues she was granted *in forma pauperis* status and is unable "to pay any fees involving the case," and that she initially withheld discovery documents because they were potentially

---

[1] The defendant's attorney does not seek any costs associated with filing the motion the compel.



damaging to her case.  (ECF No. 87.)  Additionally, the plaintiff challenges the hourly rate requested and the reasonableness of the hours expended, and argues that the affidavit is untruthful and the information contained within it is exaggerated.  (Id.)

Based on the foregoing factors and the information before the court, the court concludes that the hourly rate is reasonable based the Barber factors, including but not limited to the attorney's experience, reputation, and ability; her opportunity cost in litigating a motion to compel as opposed to the merits of the case; the amount in controversy; the results obtained; the customary fee for similar work; and fee awards in similar cases.  However, the court finds a downward adjustment of the number of hours to be appropriate, as the first two items of expenditure of time appear to have been incurred prior to the filing of the defendant's motion to compel and appear to be time that would ordinarily be expected to be spent on discovery matters.  Fed. R. Civ. P. 37(a)(5)(A) ("[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses *incurred in making the motion*, including attorney's fees.") (emphasis added); see also Fed. R. Civ. P. 37(a)(3)(B)(iv), 37(d)(1)(A)(ii) & 37(d)(3).

Under the circumstances presented, the court finds that a reduced sum of $467.50—the attorney's fees for the time associated with the motion to compel—to be reasonable.  It is therefore

**ORDERED**  that Defendant Emergency Management Division is awarded attorney's fees against the plaintiff in the amount of $467.50.

*PJG*

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 14, 2017
Columbia, South Carolina