IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Courtney L. Brockington, | ) | |
| | ) | Civil Action No. 3:16-4026-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mr. Kim Stenson, Director; Emergency Management Division, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Courtney L. Brockington ("Plaintiff"), proceeding *pro se*, brought the underlying action against her former employer, Defendant South Carolina Emergency Management Division ("EMD"), and her former supervisor, Defendant Director, Kim Stevenson[1] ("Stenson") (collectively "Defendants"), asserting wrongful termination based on race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq*. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court on two pending Magistrate Judge's Report and Recommendation filed on February 23, 2017, ECF No. 18, and November 15, 2017, respectively, as well as the appeal of the Magistrate Judge's Order granting EMD attorney's fees. ECF No. 100.

I. REVELANT FACTS AND PROCEDURAL HISTORY

On July 17, 2015, Plaintiff, who is black, was hired to work as a Personnel Liaison with

---

[1] Emergency Management Division noted in subsequent court filings that Defendant Kim Stevenson's last name is misspelled and should be corrected to Kim Stenson. ECF No. 22 at 1.

1

EMD. ECF No. 21 at 2. As a Personnel Liaison, Plaintiff was responsible for all employees' files and received training on various workplace policies and procedures. *Id*.

On February 23, 2016, Plaintiff was indicted by a federal grand jury on four counts of fraud.[2] As a condition of her bond, Plaintiff was ordered to notify her employer of the federal charges. (Order Setting Conditions of Release, Criminal Docket ECF No. 13). After EMD received notification of the criminal charges on or about April 1, 2016, Plaintiff alleges she was called into a meeting to discuss the criminal charge with Defendant Stenson and two other employees. ECF No. 21 at 1. At the meeting, Plaintiff claimed an agreement was reached that gave Plaintiff two days off with pay and made some adjustments to her job description. *Id*. Plaintiff alleges that Stenson refused to carry out the agreement, however, and terminated her employment. *Id*.

On December 28, 2016, Plaintiff filed the present lawsuit against Defendants for wrongful termination and race discrimination.[3] ECF No. 1. Plaintiff alleges she was "never convicted of a

---

[2] The court's electronic case filing system reflects Plaintiff was indicted in the Florence Division of the United States District Court for the District of South Carolina. *See United States v. Brockington*, Cr. No. 4-16-cr-00155-RBH (D.S.C.) (Criminal Docket ECF No. 1). The federal charges allege Plaintiff used her position as an employee of an elementary school to obtain personal identifying information of other employees of the school, including teachers, to apply for credit cards in the names of the those employees. *Id*. The criminal case was continued until May 2018, after Plaintiff signed a Pretrial Diversion Agreement, providing that "prosecution will be deferred by the attorney for the Government for the purpose of allowing [Plaintiff] to demonstrate good conduct." (Order of Continuance, Criminal Docket ECF No. 52).

[3] On March 29, 2017, Plaintiff filed a motion for addendum seeking to assert additional claims of discrimination. ECF No. 35. The Magistrate Judge reviewed Plaintiff's additional claims and concluded that Plaintiff's complaint does not provide any factual basis for the additional claims. ECF No. 36. Nonetheless, the Magistrate Judge instructed Plaintiff to file a motion to amend/correct the pleadings and to attach a proposed amended pleading within the deadlines established in the court's scheduling order. *Id*. Plaintiff filed a motion to amend the pleadings on April 19, 2017, ECF No. 38, to which EMD filed a response in opposition on May 4, 2017. ECF No. 41. On July 26, 2017, the Magistrate Judge denied Plaintiff's motion to amend as futile. ECF No. 52.

crime and was treated as [if she] was convicted by the court or Judge." *Id*. at 5. Plaintiff further claims that Defendants terminated her employment on the basis of race, because white male employees who had been arrested returned to work without being disciplined or fired, as opposed to black female employees. *Id*. at 3; ECF No. 21 at 3. Plaintiff also alleges no workplace policies existed that allowed termination due to criminal charges. ECF No. 21 at 4.

The Magistrate Judge reviewed Plaintiff's complaint and issued a Report and Recommendation on February 23, 2017, recommending that Defendant Stenson be summarily dismissed without prejudice and without issuance and service of process. ECF No. 18. The Magistrate Judge recommended that Stenson be dismissed as a Defendant on the grounds that claims brought under Title VII do not provide for individual liability. ECF No. 18 at 3 (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities for Title VII violations). Plaintiff filed objections to the Report on March 10, 2017, ECF No. 21, to which EMD filed a reply on March 20, 2017. ECF No. 23.

On July 31, 2017, EMD filed a motion to dismiss for failure to state a claim. ECF No. 57. EMD contends that Plaintiff's complaint should be dismissed because: (1) Plaintiff has not alleged that she is a member of a protected class; (2) Plaintiff has not alleged that she was qualified for the job or that her work was satisfactory; and (3) Plaintiff has not alleged facts that would show she was treated differently from white employees who were not members of the protected class. ECF No. 57-1. Further, EMD argues that "none of [Plaintiff's] allegations are analogous to her claims, as none involved an employee being accused of a crime." *Id*.

On August 1, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if she failed to respond properly. ECF No. 58. On September 1, 2017, Plaintiff filed a response in opposition to

EMD's motion to dismiss. ECF No. 66. Plaintiff argues she was treated differently from white employees as they committed the following acts: (1) left work early every day; (2) took two hour lunches; (3) drove the company car to the beach while intoxicated and were stopped by police without any subsequent reprimands by EMD; and (4) unlawfully used leave from the State of South Carolina. ECF No. 66 at 5. EMD filed a reply on September 8, 2017. ECF No. 69.

Additionally, EMD filed a motion to compel, seeking supplemental responses to EMD's First Interrogatories and to First Request for Production.[4] ECF No. 60. Plaintiff filed a response in opposition to EMD's motion to compel. ECF No. 65. Plaintiff argues that Plaintiff's First Interrogatories responses were delivered to EMD on July 24, 2017. ECF No. 65 at 1. Plaintiff objects to additional supplemental responses or the production of documents as such "communication may damage the Plaintiff's case." ECF No. 65 at 1. Plaintiff further claims that EMD refused to communicate with Plaintiff with respect to the submitted responses and requested the court deny EMD any attorney's fees. ECF No. 65 at 2.

On September 25, 2017, the Magistrate Judge granted EMD's motion to compel and ordered Plaintiff to fully respond to EMD's discovery requests by October 6, 2017. ECF No. 76. The Magistrate Judge ordered EMD to file an affidavit of fees and costs associated with its motion to compel. *Id.* On October 6, 2017, EMD filed an affidavit of attorney's fees, which itemized 7.25

---

[4] Simultaneously, Plaintiff filed a motion for issuance of subpoena seeking testimony of Defendant Stenson; Danielle Maynard (legal counsel at EMD); Steven Batson (Chief of Staff at EMD); and other former and current employees of EMD. ECF No. 61. Defendant EMD objected to Plaintiff's subpoenas on the grounds that Plaintiff did not provide reasonable notice of such deposition to EMD as required by the Federal Rules of Civil Procedure. ECF No. 63. On September 25, 2017, the Magistrate Judge denied Plaintiff's motion for subpoena with leave to refile by October 6, 2017. ECF No. 76. The order instructed Plaintiff to provide proper prepayment to the appropriate witnesses and mileage fees; provide reasonable notice to EMD pursuant to the Rule 30(b)(1) Federal Rules of Civil Procedure; and to make a showing on the relevancy of the testimony sought to Plaintiff's claims. ECF No. 76.

4

hours spent working on the motion to compel for a total fee of $797.50.[5] ECF No. 85 at 2. Plaintiff filed a motion to deny EMD's affidavit on the grounds that (1) Plaintiff is *pro se*; (2) Plaintiff provided EMD with the requested discovery on July 24, 2017; (3) EMD attorney's fees are exaggerated according to unnamed legal advisors; and (4) Plaintiff is financially unable to pay any attorney's fees. ECF No. 87 at 1. EMD filed a reply on October 26, 2017, contending that Plaintiff has failed to comply with the requested discovery and that Plaintiff's assertions regarding unnamed legal advisors are without merit. ECF No. 93 at 3-4.

On November 15, 2017, the Magistrate Judge issued an Order awarding EMD attorney's fees in the amount of $467.50. ECF No. 99. The Magistrate Judge reduced EMD attorney's fees based on the finding that two time expenditures appear to have been incurred prior to the filing of the motion to compel. ECF No. 99. The Magistrate Judge considered Plaintiff's objections, but concluded that EMD's attorney's fees are reasonable based on the factors adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), for calculations of attorney's fees.[6] ECF No. 99 at 2.

On the same day, the Magistrate Judge filed a second Report and Recommendation, recommending that EMD's motion to dismiss for failure to state a claim be granted and that

---

[5] EMD is not seeking costs associated with the filing of the motion to compel, only an attorney's fees award.

[6] The *Barber* factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees in similar cases.

Plaintiff's remaining motions be terminated as moot.[7] ECF No. 100. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of the right to file objections to the Report and Recommendation and the possible consequences if she failed to timely file written objections to the Report and Recommendation. ECF No. 100 at 7. Plaintiff filed objections to the Report and to the Order awarding attorney's fees on November 29, 2017. ECF No. 103, 104. EMD filed a reply to Plaintiff's objections on December 13, 2017. ECF No. 105. Plaintiff filed a reply to EMD's response to Plaintiff's objections on January 9, 2018. ECF No. 107.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Findings in Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[7] The Magistrate Judge recommended the following motion be terminated as moot: (1) motion to amend/correct the pleadings (ECF No. 67); (2) motion regarding mediation (ECF No. 74); and (3) motion to continue (ECF No 75).

### B. Motion to Dismiss under 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs, Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must state 'enough facts to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

### C. Liberal Construction of *Pro Se* Complaint

Plaintiff brought this action *pro se*, which requires the court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the *pro se* complaint is still subject to dismissal. *Id.* at 520-21.

### D. Title VII Prima Facie Claim

Title VII makes it an unlawful employment practice for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may demonstrate a violation of Title VII through direct or circumstantial evidence. *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). When direct evidence is

lacking, a plaintiff may demonstrate a violation of Title VII through circumstantial evidence and proceed under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the Plaintiff establishes a prima facie case of a violation of Title VII, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its adverse employment action. *Merritt v. Old Dominion Freight*, 601 F.3d 289, 294 (4th Cir. 2010). Once the defendant meets this burden, the burden shifts back to the Plaintiff to demonstrate by preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

For race discrimination claims, Plaintiff must allege the following elements of a prima facie case pursuant to Title VII: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) she was treated differently from similarly situated employees outside the protected class. *Coleman*, 626 F.3d at 190 (noting that "absent such support, the complaint's allegations of race discrimination do not rise above speculation").

### E. Attorney's Fees

Pursuant to Rule 37(a), "if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment if the movant did not make a good faith effort to obtain the discovery prior to the filing its motion, if the opposing party's failure to produce the requested discovery was substantially justified, or if the circumstances would make such an award

of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The Rule further provides that a party's failure to act "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

### III. DISCUSSION

#### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that EMD's motion to dismiss for failure to state a claim be granted. ECF No. 100. The Magistrate Judge found that Plaintiff fails to allege a prima facie claim of racial discrimination pursuant to Title VII. ECF No. 100 at 6. When considering the fourth prong, the Magistrate Judge noted that Plaintiff "fails to allege a similarly situated person outside of her protected class was treated in a more favorable manner." *Id.* at 5 (citing *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (holding that "for a person to be similarly situated, a plaintiff is required to show that the plaintiff is similar in all relevant respects to the comparator")). Specifically, the Magistrate Judge noted that Plaintiff fails to indicate that "any of the white individuals who were allegedly treated better were arrested for criminal charges of fraud or similarly serious conduct." ECF No. 100 at 6. While the Magistrate Judge considered Plaintiff's allegations of EMD employees stealing time from the State of South Carolina and going to the beach with subsequent police involvement, the Magistrate Judge concluded that none of these allegations indicate "any of these other employees were actually charged with a crime by authorities." ECF No. 100 at 6. Therefore, the Magistrate Judge concluded that Plaintiff has failed to establish a prima case for race discrimination and recommended granting Defendant's motion to dismiss for failure to state a claim. *Id.* at 7.

9

### B. Plaintiff's Objections to the Report and Recommendation

Plaintiff contends that the Magistrate Judge erred in finding that there is insufficient evidence to establish a prima facie case as to the fourth prong of Plaintiff's race discrimination case. ECF No. 66. Plaintiff asserts that she presented her case and that "there are no policies and procedures for terminating an employee who is charged with any type of crime." ECF No. 103 at 1. Plaintiff further argued that she was a Personnel Liaison and was in a position to know of other employees' misconduct. *Id*. at 2. As a result, Plaintiff asserts that she knows EMD's employees committed crimes by taking paid time off that never accrued and improperly used sick time, for which EMD did not impose any sanctions or terminations. ECF No. 103 at 2. Plaintiff further asserts that the court should have requested documentation from EMD to fully review all of Plaintiff's claims and to provide Defendants with time to dispute their employees' violations of South Carolina laws. ECF No. 103 at 3.

### C. Court's Review

#### 1. Report and Recommendation

With respect to the fourth prong at issue, Plaintiff provides no evidence that EMD treated her differently from similarly situated employees outside her protected class. *See Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981) (noting that "[i]t is the plaintiff's task to demonstrate that similarly situated employees were not treated equally"); *Haywood*, 387 F. App'x at 359 ("[S]uch a showing would include evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."). Of particular significance is the fact that Plaintiff points to no occasion on which EMD failed to terminate any

employee charged with a crime. To the contrary, Plaintiff's evidence describes several instances of employee misconduct pertaining to leave and sick time; none, however, regarding criminal charges by law enforcement authorities. Thus, Plaintiff provides no evidence that she received more severe discipline than any similarly situated employee charged with a crime, nor any comparators on which to make an assessment for race discrimination. Therefore, Plaintiff has failed to establish a prima facie case for race discrimination.

After reviewing the record, the court finds that Plaintiff's objections do not direct the court to a specific error in in the Magistrate Judge's Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. After accepting the well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonably factual inferences from those facts in Plaintiff's favor, the court agrees with the Magistrate Judge's recommendation that EMD's motion to dismiss be granted. The court finds Plaintiff's factual allegations do not sufficiently state a prima facie claim against Defendants for race discrimination.

### 2. Attorney's fees

The Magistrate Judge found that EMD sent Plaintiff a letter by regular and certified mail on May 22, 2017, and a letter by regular mail on August 1, 2017, requesting supplemental responses. ECF No. 76 at 5. Plaintiff objected to the motion because EMD did not consult with her before filing its motion. ECF No. 65 at 1. However, the Magistrate Judge acknowledged that Plaintiff is *pro se* in this matter and as such EMD is not required to consult with Plaintiff prior to the filing of the motion. Local Civil Rule 7.02 (D.S.C.). More specifically, the Magistrate Judge found that Plaintiff generally objected to "producing and disclosing such communication that may damage [her] case" and did not provide an explanation as to why the responses were delayed. ECF

No. 76 at 4. Thus, the Magistrate Judge granted EMD's motion to compel along with attorney's fees.

Plaintiff argues that she never received the certified mail letter from EMD and therefore the Magistrate Judge erred in granting EMD's motion to compel. ECF No. 104 at 1. Plaintiff further asserts that she is *pro se* and is unable to pay legal services for herself or anyone else. ECF No. 104 at 2. Lastly, Plaintiff requests that any attorney's fees must be paid by EMD to their own legal counsel. ECF No. 104 at 2.

The court notes that Plaintiff does not dispute receipt of the letters sent by regular mail requesting the responses. Most importantly, Plaintiff has not provided the court with an explanation as to why responses to EMD's discovery requests were delayed aside from the possibility of damaging Plaintiff's case. Having considered the record, the court agrees with the Magistrate Judge's award of attorney's fees to EMD. The court finds no clear error in the Report and Recommendation as the Magistrate Judge accurately recited the facts and properly applied the applicable law. Plaintiff is ordered to pay EMD's attorney's fees for its motion to compel.

## IV. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendations and incorporates them herein by reference. ECF No. 18, ECF No. 100. Defendant EMD's motion to dismiss for failure to state a claim is GRANTED. ECF No. 57. The court has considered Plaintiff's objections to EMD's award of attorney's fees and finds no clear error in the Magistrate Judge's decision. ECF No. 103. Plaintiff is hereby ordered to pay EMD attorney's fees incurred in filing the motion to compel. Plaintiff's remaining motions are terminated as moot (ECF No. 67, 74, & 75).

IT IS SO ORDERED.

    /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: January 26, 2018
Columbia, South Carolina